FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

APR 2 9 2004

DAVID J. MALAND, CLERK
BY
DEPUTY

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| MASTEC NORTH AMERICA, INC. | § | |
| Plaintiff | § | |
| | § | C.A. NO. 6:04cv192 |
| V. | § | |
| | § | |
| DIAMOND K CORPORATION | § | |
| Defendant | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, MasTec North America, Inc. (hereinafter "Plaintiff") files this Original Complaint against Defendant, Diamond K Corporation (hereinafter "Defendant"), and for cause of action respectfully says:

### I.
### PARTIES

1. Plaintiff, MasTec North America, Inc. is a Florida corporation with its principal place of business in Florida.

2. Defendant, Diamond K Corporation is, and at all times material hereto was, a Texas corporation, doing business in the State of Texas and may be served through its registered agent Tommy R. King, P.O. Box 1898, I-30 East & Farm Road 1001, Mt. Pleasant, Texas 75456.

### II.
### JURISDICTION AND VENUE

3. Pursuant to 28 USC §1332, this Court has jurisdiction over this matter. Defendant's principal place of business is in Texas and Plaintiff's principal place of business is in Florida. The amount in controversy exceeds $75,000.00. Therefore, the Court has jurisdiction over this matter through diversity of the parties.

4.     Venue of this cause of action is proper in the Eastern District of Texas, Tyler Division pursuant to 28 U.S.C § 1391 as the Defendant resides in Titus County, Texas within the Eastern District.

## III.
## CAUSE OF ACTION

**A.     BREACH OF CONTRACT**

5.     Plaintiff and Defendant had a contract with respect to a construction project involving work done for the Board of Public Utilties, Kansas City, Kansas. Specifically, MasTec had a contract with Defendant to provide labor and/or materials, generally described as installing a 24" Steel Water Main using Directional Drilling Techniques under the Kansas River at the K-32 Bridge.

6.     On February 5, 2003, MasTec sent Diamond K an application and certificate for payment in the amount of $292,875.00 for work performed on this project, including retainage owed to MasTec. To date, MasTec has gone entirely unpaid for any of the work which forms the basis of this application and certification for payment.

7.     In November 2003, Plaintiff made a demand for payment upon Defendant. Plaintiff has sustained damages of $292,875.00 plus interest, demand for which has been made upon Defendant, but which they refuse to pay.

8.     Plaintiff has fully performed its obligations in accordance with the contract, and it is entitled to be paid. Plaintiff has performed all conditions precedent. Furthermore, Defendant has accepted and is enjoying the benefits of such performance by Plaintiff and it is obligated to compensate Plaintiff for the value of its equipment, materials, and/or labor furnished to the Defendant. Pursuant to their contract, Plaintiff has invoiced Defendant for the agreed contract

amounts for such equipment, materials, and/or labor, but Defendant has made only partial payment on such invoices, leaving a balance due and owing in the amount of $292,875.00 on the Project. In addition to being the agreed contract amounts, these sums also represents the customary and reasonable charges for such equipment, materials, and/or labor in and around the place the work was performed, on the date or dates the same were provided.

## QUANTUM MERUIT & QUANTUM VALEBANT

9. The preceding paragraphs are incorporated herein by reference. In the alternative, and without waiving the foregoing, in the unlikely event that it is found that there is no clear and express agreement for the equipment, materials, and/or labor which Plaintiff furnished to Defendant, then Plaintiff would bring this cause of action under *quantum meruit* and *quantum valebant*, and would show that Defendant has accepted and received the benefits of the equipment, materials, and/or labor provided by Plaintiff, and it caused Plaintiff to have the reasonable expectation that it would receive payment in full for such equipment, materials, and/or labor. Defendant promised Plaintiff that it would be paid, and Plaintiff relied on that promise. Defendant thus reasonably expected that Plaintiff would look to them or one of them for payment. The reasonable and customary charges and/or value for such equipment, materials, and/or labor at the time and place delivered or rendered, is at least $292,875.00, for which sum Plaintiff hereby sues, together with all interest on such amount at the highest rate allowable by law from the date or dates each component part thereof was invoiced through and including the date of judgment herein. Defendant has failed and refused to pay this amount to Plaintiff, however, although demand has been duly made. Plaintiff has, therefore, been damaged in at least this amount.

## VIOLATIONS OF THE TEXAS PROMPT PAY ACT

10. Plaintiff adopts and incorporates herein all facts alleged above. Plaintiff has been informed Defendant has been paid in by the Owners and/or the lender for the Project for the work performed by Plaintiff. Under the terms of the Prompt Pay Act, Texas Government Code §§2251.021 *et seq.*, Defendant was required to pay Plaintiff the sums then demanded from Defendant by the tenth day after receipt of those monies from the owners. Nevertheless, Defendant has failed to do so. Since Defendant has refused to comply with the terms of the Prompt Pay Act, Plaintiff is entitled, in the alternative if necessary, to receive those sums for which Plaintiff invoiced Defendant before or after Defendant received its payments from the owners or the lenders for the Project, plus interest when due under the Prompt Pay Act on those amounts at the rate of one percent (1%) per month, until paid. The Prompt Pay Act further allows Plaintiff to recover its attorney's fees and costs, which sums Plaintiff seeks to recover herein. *Id.* at §2251.043.

## ATTORNEY'S FEES

11. The preceding paragraphs are incorporated herein by reference. Plaintiff has engaged the law firm of Fowler, Rodriguez & Chalos for the purpose of investigating these claims, making demand, filing liens and foreclosing the same, and prosecuting this lawsuit, through trial, and appeal if necessary, together with all other related services, costs, and expenses. Plaintiff has made due presentment of its claim to Defendant, and all conditions precedent to the recovery of attorney's fees have been satisfied or completed. Plaintiff, therefore, seeks recovery of all its reasonable and necessary attorney's fees, costs, and expenses allowable by law, including but not limited to Chapters 37 and 38 of the Texas Civil Practice and Remedies Code, the Texas Property Code, the Texas Government Code and as allowed by the common law of the State of Texas.

WHEREFORE, Plaintiff prays that Defendant be cited to answer and appear herein, and that upon final trial, Plaintiff has, among other things:

(a) Judgment against Defendant for damages in the amount of $292,875.00 in actual damages;

(b) Interest under the Prompt Pay Act;

(c) Pre-judgment interest in accordance with Texas law;

(d) Post-judgment interest in accordance with Texas law;

(e) Reasonable attorney's fees;

(f) Costs of court; and

(g) Such other and further relief to which Plaintiff shows itself justly entitled to receive.

Respectfully submitted,

By: _____
Brian J. Tagtmeier
Attorney-in-Charge
State Bar No. 00785078
4 Houston Center
1331 Lamar Street, Suite 1560
Houston, Texas 77010
Telephone: (713) 654-1560
Facsimile: (713) 654-7930

**OF COUNSEL:**

**FOWLER, RODRIGUEZ & CHALOS**

**Attorney for Plaintiff,**
**MasTec North America, Inc.**

DATE:_____

-5-